# Hill v. The State.

### *Indictment for Buying Lottery Ticket without a License.*

*Buying lottery ticket without license; what constitutes offence.* — Under the act " to regulate the buying of lottery tickets in this State" (Sess. Acts 1871–2, p. 54), which requires the purchaser of any ticket or certificate " to play at roulette table, or any other game of chance now legalized by the charters of certain associations in this State," to procure a license for the same, a conviction cannot be had, on proof that the prisoner bought a ticket in the " Mobile Charitable Association " since the repeal of its charter.

FROM the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

H. R. SHORTER, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The appellant was indicted under an act " To regulate the buying of lottery tickets in this State," passed February 16, 1872, for buying a lottery ticket without obtaining the required license. He did buy such a ticket in the Mobile Charitable Association, without the license; but, at the time, the charter of that company had been repealed by an act approved March 8, 1871. The court charged that the act of repeal was unconstitutional, and the charter of the company continued in operation. Under this ruling the defendant was convicted.

The Act of 1872 refers to roulette, or other games of chance, legalized at the date of its passage. We have decided that the Act of March 8th, 1871, repealed the charter of the association. *Horst, Mayor, &c.* v. *Moses et al.*, at the June Term, 1872. The conviction of the defendant was erroneous.

The judgment is reversed, and the cause remanded.